GRACE KNOWLES, as Administratrix, etc., of CHARLES E. KNOWLES, Deceased, Respondent, v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.

Second Department, March 30, 1917.

Master and servant — negligence — Federal Employers' Liability Act — employee killed while on way to begin work not engaged in interstate commerce.

An employee of a railroad company killed by a locomotive engine of his employer while crossing tracks in the employer's yard on his way to begin his day's work was not engaged in interstate commerce, although his regular assignment was to a switching engine, the initial work of which was that of interstate commerce on the day in question, and, hence, a recovery may not be had under the Federal Employers' Liability Act.

The true test of liability under said act is the nature of the work being done at the time of the injury, and the mere expectation that an employee will presently be called upon to perform a task in interstate commerce is not sufficient.

APPEAL by the defendant, The New York, New Haven and Hartford Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the

clerk of the county of Westchester on the 29th day of June, 1916, upon the verdict of a jury for $20,000, and also from an order entered in said clerk's office on the 14th day of July, 1916, denying defendant's motion for a new trial made upon the minutes.

*James W. Carpenter* [*Charles M. Sheafe, Jr.*, with him on the brief], for the appellant.

*Thomas J. O'Neill* [*Leonard F. Fish* with him on the brief], for the respondent.

JENKS, P. J.:

The case is under the Federal Employers' Liability Act. Plaintiff's intestate was killed by a locomotive engine of the defendant while crossing tracks in the defendant's yard on his way to begin his day's work. His regular assignment was to a switching engine of the defendant used by it in that yard. The question litigated was whether the work of the intestate if he had begun it, would have been that of interstate commerce. The jury found for the plaintiff. I am of opinion that the judgment and order must be reversed upon the authority of *Erie Railroad Co.* v. *Welsh* (242 U. S. 303). Welsh was a yard conductor who, attempting to alight from the footboard of a slowly moving locomotive, stepped upon a pulley wheel of mechanism between the tracks so that his foot became entangled and he fell partly under the locomotive, to his injury. Welsh was returning from certain work and the engine had been slowed down "so as to enable Welsh to report for further orders, all previous orders having been executed," and "the injury was received while he was attempting to alight for that purpose." It seems to me that Welsh, having executed all previous orders and on his way to begin work according to such orders as he would receive, and Knowles, the plaintiff's intestate, on his way to begin his work, are in the same category. In *Welsh's* case the court, per PITNEY, J., say: "It was in evidence, also, that the orders plaintiff would have received, had he not been injured on his way to the yardmaster's office, would have required him immediately to make up an interstate train. Upon the strength of this it is argued that his act

at the moment of his injury partook of the nature of the work that, but for the accidental interruption, he would have been called upon to perform. In our opinion this view is untenable. By the terms of the Employers' Liability Act the true test is the nature of the work being done at the time of the injury, and the mere expectation that plaintiff would presently be called upon to perform a task in interstate commerce is not sufficient to bring the case within the act. *Illinois Central R. R. Co.* v. *Behrens*, 233 U. S. 473, 478." If Welsh could not recover in that his act at the moment of the injury partook of the nature of the work that he was about to do, then I fail to perceive how Knowles could recover in that the act doing by him at the moment of his injury partook of the work that *he* was about to do. Both Welsh and Knowles were on their way to begin work. Therefore, the finding that the initial work of the switching engine was that of interstate commerce on the day in question would not avail the plaintiff. It might well be that the relation of master and servant existed at the time Knowles was killed (*Boldt* v. *New York Central Railroad Co.*, 18 N. Y. 432), but, as Mr. Roberts has well said in his work on Injuries to Interstate Employees (p. 67): "Congress in passing the act, was not regulating the rights and liabilities of employers and employes *as such*, but was primarily regulating and promoting the safety of those engaged in interstate commerce, and for that purpose incidentally declared the rights and liabilities of all railroads and employes only while both were engaged in such commerce."

I advise that the judgment and order be reversed and that the complaint be dismissed, without costs.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and PUTNAM, JJ.

Judgment and order reversed, and complaint unanimously dismissed, without costs.