In the Matter of the Arbitration between PETER G. HAUCK and ROCHESTER TAXICAB COMPANY and FRED J. ZORN, Pursuant to Provisions of Contract.

Supreme Court, Monroe County, June 15, 1926.

Arbitration — award — application to confirm report of arbitrators — failure of arbitrators to properly execute arbitration and to make a mutual, final and definite award, as required by Civil Practice Act, § 1457, warrants vacation of report — rehearing cannot be directed where time within which award was to be made has expired.

An award made by arbitrators, appointed under a contract for the erection of a garage and office building, made in favor of the plaintiff must be vacated where said arbitrators failed to properly execute the arbitration and make a mutual, final and definite award as required by section 1457 of the Civil Practice Act.
A rehearing by the same arbitrators cannot be had since the time specified in the submission has expired. The matter may be resubmitted to new arbitrators under the contract.

MOTION to confirm report of arbitrators.

*Chamberlain, Page & Chamberlain,* for the motion.

*Sutherland & Dwyer,* opposed.

RODENBECK, J. This is a proceeding to confirm the report of arbitrators appointed January 15, 1925, under a contract dated October 16, 1922, for the erection of a garage and office building. Two of the arbitrators reported an award in favor of the plaintiff November 28, 1925. The arbitrator nominated by the Rochester Taxicab Company and Fred J. Zorn did not join in the report. It is claimed by the latter that the third arbitrator selected by those

nominated by each side resigned orally and thereafter hearings were had between him and the arbitrator nominated by Hauck, of which the arbitrator nominated by the Rochester Taxicab Company and Zorn had no notice, and in which he did not participate. There is enough in the record to satisfy the court that the arbitrators imperfectly executed the arbitration and that a mutual, final and definite award as required by law was not made. (Civ. Prac. Act, § 1457.) The award, therefore, should be vacated. (Civ. Prac. Act, § 1457.) The court may in its discretion direct a rehearing by the arbitrators if the time within which the submission requiring the award to be made has not expired. (Civ. Prac. Act, § 1457.) The award was required to be made before the expiration of the year 1925 and the alleged report was so made but the matter cannot be resubmitted within the time specified in the submission and, therefore, a rehearing by the same arbitrators cannot be had. (Civ. Prac. Act, § 1457.)

The award is set aside and the matter remitted for submission to new arbitrators under the contract. So ordered.