12 N.J. Super. 87 (1951)
79 A.2d 93
SUN COPPER AND WIRE COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
WHITE LAMPS, INC., A NEW JERSEY CORPORATION, AND WALNUT INVESTMENT CO., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 15, 1951.
*88 Mr. Charles H. Roemer, for the defendant Walnut Investment Co.
Mr. William K. Flanagan, for the defendant White Lamps, Inc.
Messrs. Kristeller & Zucker (Mr. Saul J. Zucker appearing), for the plaintiff.
*89 CONLON, J.C.C. (assigned).
The defendant, Walnut Investment Co., moves for summary judgment on the ground that the material facts involved are not in dispute and that it is not legally responsible for the damages claimed by the plaintiff.
The defendant Walnut Investment Co. was the owner of a multi-floor factory building located at No. 132 Beckwith Avenue, Paterson, New Jersey. The plaintiff was the tenant of the basement under a written lease with the owner, and the defendant White Lamps, Inc., was the tenant of the first floor under a written lease with the owner's predecessor in title. Both leases are before the court. The premises were equipped with a sprinkler system. The defendant, White Lamps, Inc., in the process of its business, maintained an electric oven designed to generate a temperature of approximately 1300 degrees Fahrenheit. On the evening of January 10, 1950, the oven was in operation and was unattended. The heat generated by it caused a sprinkler head, located directly above the oven, to fuse and discharge water. The water seeped through the first floor occupied by the defendant White Lamps, Inc., and into the basement occupied by the plaintiff causing substantial damage.
The defendant. Walnut Investment Co., cross-claims against the defendant White Lamps, Inc., on the ground that the loss sustained by the plaintiff was due to the negligence of White Lamps, Inc.
The basis of the present motion is, in effect, that under the undisputed facts the landlord, by the terms of its leases with the two tenants, was under no obligation to the plaintiff and is therefore entitled to a summary judgment. The plaintiff, on the other hand, contends that the lessor did have an obligation to the plaintiff to maintain and supervise the operation of the sprinkler system and that a jury question is presented on the question as to whether or not that obligation was complied with.
Defendant contends that its exemption from liability arises from one clause in each of its leases with the two tenants involved. In paragraph 20 of its lease with White Lamps, *90 Inc., it is provided in effect that the tenant was to maintain the sprinkler system in good working condition and the defendant's position is that it was thus absolved from any obligation in that respect. The answer to that argument is two-fold. If the landlord otherwise was under an obligation to the plaintiff it could not evade that obligation by any agreement with another tenant. Too, the very clause in question contains the following provision:
"Tenant shall pay the Landlord as additional rental on the first day of each month during the term of this lease Tenant's portion of the contract price for sprinkler supervisory service."
The clear import of that provision is that the landlord was to furnish supervisory services for which it was to be reimbursed. The clause in question, therefore, does not operate to free the defendant, Walnut Investment Co., from any obligation that might otherwise exist.
The landlord further contends that it is absolved from liability by virtue of the 13th paragraph of its lease with the plaintiff which provides that the landlord shall not be liable for damage by water resulting from the negligence of the tenant, "or by reason of the breakage, leakage or obstruction of the water, or soil pipes, or other leakage in or about said building." The court cannot concur in the contention that the above quoted clause provides indemnity for all damage resulting from the improper use or operation of the sprinkling system if the landlord had any supervisory or other obligation with reference to it. That it had some such obligation may be inferred not only from the leases but from the relationship of the parties. The sprinkler system was one of the structural appurtenances of the building installed by the landlord. The plaintiff had no connection with its maintenance or operation. On the other hand the landlord in one of the leases that is before the court assumed the obligation of providing supervisory service for which it received contribution from at least one of the tenants.
Whether the burden of furnishing such supervisory service was breached by allowing the tenant's highly heated *91 oven to operate in close proximity to the sprinkler valve or whether the landlord otherwise used due care to perform its supervisory obligation to the plaintiff are, among others, questions of fact that should properly be determined by a jury.
The motion for summary judgment is denied without costs. An appropriate order consented to as to form should be presented.