27 N.J. Super. 469 (1953)
99 A.2d 589
MARY P. WADE, PLAINTIFF-APPELLANT,
v.
SIX PARK VIEW CORP., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1953.
Decided October 2, 1953.
*470 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Weidner Titzck argued the cause for plaintiff-appellant (Mr. Joseph Pierce Lodge, attorney).
*471 Mr. Samuel P. Orlando argued the cause for defendant-respondent (Messrs. Orlando, Devine & Tomlin, attorneys).
PER CURIAM.
The judgment appealed from is affirmed for the reasons stated in the opinion of Judge Palese reported at 25 N.J. Super. 433 (Cty. Ct. 1953).
This is a case of nonfeasance, not as plaintiff contends upon the appeal, one of affirmative negligence on the part of the landlord. In cases comparable to that presented here, it is widely held that the landlord has a clear right, through an exculpatory clause, to exempt himself from liability. Williston on Contracts (rev. ed.), sec. 1751C; 6 Corbin on Contracts (1951), sec. 1472. For, in the circumstances presented, the public has not sufficient concern in such a clause to declare it invalid. Kirshenbaum v. General Outdoor Advertising Co., 258 N.Y. 489, 180 N.E. 245 (Ct. App. 1932). It might be added that the question here is not as to the construction of such a clause. Sun Copper and Wire Co. v. White Lamps, Inc., 12 N.J. Super. 87 (Law Div. 1951).
It is said, referring to the allegations of the reply, that where a motion is made for a summary judgment, the court must under R.R. 4:58-3 consider the pleadings and accept them as true. Upon such a motion the court does not deem the pleadings to be true where, as here, the deposition submitted puts the question palpably beyond genuine controversy.
Then again it is urged that when the lease was assigned to the defendant, the assignor could not assign with it the exculpatory clause because that clause involved a personal confidence. This is specious. The exculpatory clause here did not involve a personal confidence. In fact the lease was made with a corporation designated in the lease as "agent," and the defendant, as it came out on the argument, never knew who the undisclosed principal was.