64 N.J. Super. 507 (1960)
166 A.2d 603
ANTHONY AMABILE, INDIVIDUALLY, & c., PLAINTIFF,
v.
HARRY LERNER, DAVID OXFELD, ET AL., & c., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 23, 1960.
*508 Mr. Joseph Maran, Jr., attorney for plaintiff.
Messrs. O'Mara, Schumann, Davis & Lynch, attorneys for defendant Lincoln Mutual Casualty Insurance Company (Mr. Edward J. O'Mara, appearing).
Messrs. Riker, Danzig, Marsh & Scherer, attorneys for all the other defendants (Mr. Everett M. Scherer, appearing).
COLLESTER, J.S.C. (orally).
This matter comes before the court on a motion for summary judgment on behalf of the defendants to dismiss the complaint and the amendments thereto, pursuant to R.R. 4:58, on the ground that the allegations set forth therein do not constitute causes of action *509 under R.R. 4:36-2 and the law of this State, that there is no genuine issue as to any material fact challenged, and that the defendants are entitled to a judgment of dismissal as a matter of law. Defendants in support of the motion have submitted affidavits and the deposition of the plaintiff. Plaintiff relies upon his verified complaint as amended.
Briefly, the facts are that the plaintiff is a policyholder of the defendant Lincoln Mutual Casualty Company, a company organized in this State under Title 17 of the Revised Statutes. The complaint alleges that this company, the Lincoln Mutual Casualty Insurance Company (which I will refer to hereafter as the Casualty Company), was organized on August 27, 1947; that the individual defendants, Harry Lerner, David Oxfeld, Arthur Lerner, Joseph Dunsky and Herman Feldman are directors thereof, and that Harry Lerner, David Oxfeld, Arthur Lerner, and Joseph Dunsky are officers thereof.
The complaint also alleges that in May 1957 the individual defendants organized the defendant Lincoln Company, Inc., a brokerage corporation, and that Harry Lerner, David Oxfeld and Arthur Lerner are directors, officers, and the sole stockholders thereof.
It also alleges that in April 1958 the five individual defendants organized a corporation known as the Broad Finance Corp., the name of which was later changed to Lenox Finance Co., Inc., and that the five individual defendants are the directors, officers and sole stockholders thereof.
The complaint further alleges that the individual defendants also formed a corporation known as Safe Drivers Club, Inc., and are the directors, principal officers and sole stockholders thereof.
It is alleged in the complaint that Lenox is engaged solely in financing insurance policies issued by the Casualty Company; that Lincoln Co. is an insurance brokerage corporation engaged solely for the brokerage of policies of the Casualty Company; that Safe Drivers, Inc. is engaged in the business of selling some type of service policy to provide various *510 services for automobile drivers exclusively to the Casualty Company's policyholders, and that all three of these corporations derive their entire income from the Casualty Company.
The complaint, in brief, charges that the defendants as directors of the Casualty Company breached their fiduciary obligations as directors by reason of dealings with the other defendant corporations and that they diverted assets of the Casualty Company for their personal benefit.
This suit is a derivative action against the Casualty Company, its directors, and the other defendant corporations for an accounting of moneys allegedly wrongfully diverted, a judgment in money damages against the individual and corporate defendants for moneys allegedly due to the Casualty Company, seeking the removal of the individual defendants as directors of the Casualty Company, and seeking the appointment of a receiver for the Casualty Company.
The undisputed evidence shows the plaintiff purchased his insurance policy from the Casualty Company on September 15, 1960, and the amended complaint which was filed on October 4, 1960 charged that the individual defendants wrongfully used funds of the Casualty Company to incorporate, establish, and promote the three other corporate defendants  the Lincoln Co., Lenox, and Safe Drivers Club. It is apparent from the complaint, as amended, and the deposition of the plaintiff, that these acts took place before he became a policyholder.
The complaint, as amended, likewise charged that the Casualty Company wrongfully paid commissions to the Lincoln Co. during the years 1957 through 1959  a period prior to the date the plaintiff became a policyholder. In his deposition made on October 19, 1960, the plaintiff admits that the alleged wrongful acts of the individual defendants took place before he became a policyholder. The original complaint and the amended complaint do not contain an allegation that the plaintiff was a shareholder in the Casualty Company at the time of the transaction of which he complains.
*511 R.R. 4:36-2 provides, among other things, that:
"* * * In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refused to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver that the plaintiff was a shareholder at the time of the transaction of which he complains."
N.J.S.A. 14:3-16 of the general corporation act provides that in any action brought in the right of a corporation by a shareholder it must be made to appear that the complaint was a shareholder at the time of the transaction of which he complains.
Plaintiff, in his brief, does not refer to the violation of R.R. 4:36-2. He contends that the requirements of the statute, N.J.S.A. 14:3-16, do not apply to a mutual insurance company, since it is not a corporation. However, he cites no legal authority for his position.
The Casualty Company, a mutual casualty insurance company, was organized pursuant to the provisions of R.S. 17:17-1 et seq.
R.S. 17:18-1 provides that any company organized under that statute, and its stockholders, members and directors shall have all the powers granted and be subject to all the duties and obligations imposed by Title 14, the general corporation act. A policyholder of a mutual casualty insurance company, such as the plaintiff here, is certainly a member of that company.
In Duffy v. Mutual Benefit Life Insurance Co., 272 U.S. 613, at p. 619, 47 S.Ct. 205, at p. 206, 71 L.Ed. 439, at p. 442 (1945), it was stated:
"[Every] member bears a relation to the mutual company analogous to that which a stockholder bears to the joint-stock company in which he holds stock."
In Schwarzwalder v. Tegen, 58 N.J. Eq. 319, at p. 326 (Ch. 1899), and in the opinion of the Court of Errors and *512 Appeals affirming the court below Schwarzwaelder v. German Mut. Fire Ins. Co., 59 N.J. Eq. 589, at p. 590, our courts clearly indicated that they considered that a policyholder of a mutual insurance company (in that case a mutual fire insurance company) as a member of the company occupied the status of a stockholder in a stock company. See also the decisions of Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); and Garfield v. Equitable Life Assurance Society, 7 Misc.2d 283, 164 N.Y.S.2d 819 (Sup. Ct. 1956).
In my opinion, the Casualty Company and specifically the plaintiff, as a policyholder and a member thereof, under R.S. 17:18-1 are subject to the duties and obligations imposed by N.J.S.A. 14:3-16 of the corporation act. As such a member it must be made to appear in a proceeding brought by him on behalf of the company that he was a member of the company at the time of the transactions of which he complains. From the complaint, the amended complaint, and the deposition of the plaintiff it is clear that such was not the case here.
The reason for the statute and the finding it was declaratory of the pre-existing law, valid and binding, was set forth by Vice-Chancellor Egan in Bookman v. R.J. Reynolds Tobacco Co., 138 N.J. Eq. 312 (Ch. 1946), at p. 394 to 400, inclusive.
The court R.R. 4:36-2, to which I have referred, applies not only to incorporated but to unincorporated associations. The language of the Rule was taken verbatim from Federal Civil Rule 23(b), 28 U.S.C.A. The requirement that the plaintiff must be a shareholder or, as is the case here, a member of the association at the time of the transaction complained of in order to maintain a derivative action is designed to prevent a purchaser of stock or, as here, of a policy of insurance in a mutual insurance company from acquiring such stock or policy for the purpose of instituting litigation which may eventually have what is commonly called a nuisance value. See Bookman, supra, *513 which cites and quotes from Home Fire Insurance Co. v. Barber, 67 Neb. 644, 93 N.W. 1024, 60 L.R.A. 927 (Sup. Ct. 1903), and Coane v. American Distilling Co., 182 Misc. 926, 49 N.Y.S.2d 838 (Sup. Ct. 1944).
The plaintiff's complaint and amended complaint do not contain an averment that the plaintiff was a shareholder or policyholder in the Casualty Company at the time of the transaction of which he complains, in violation of R.R. 4:36-2. Nor does the complaint, amended complaint or plaintiff's deposition show the plaintiff was a shareholder or policyholder of the Casualty Company at the time of the transaction of which he complains, as required by N.J.S.A. 14:3-16. In fact, the evidence as contained in plaintiff's deposition is to the contrary.
Following service of a motion for summary judgment upon the plaintiff, he filed an amendment to the amended complaint on November 14, 1960. In substance it alleged, in general terms, that the alleged wrongful acts of these defendants commenced in 1957 and persisted to the date of filing of the amendment to the amended complaint. It is obvious that such action was taken to satisfy the requirements of R.R. 4:36-2 and N.J.S.A. 14:3-16.
A reading of the plaintiff's deposition shows that the alleged wrongs took place from 1957 through 1959. The alleged formation of the three defendant corporations, the alleged use of the Casualty Company's funds to create the same, the alleged payment of commissions to Lincoln Co., all took place in those years. The plaintiff in his deposition admits that the acts complained of took place before he became a policyholder. Such acts (and I speak now of factual evidence, and not of beliefs, conclusions, assumptions and suspicions which were rampant in plaintiff's testimony) are not in the nature of continuing acts. See Weinhaus v. Gale, 237 F.2d 197 (7 Cir. 1956); Levitan v. Stout, 97 F. Supp. 105, 110 (D.C.W.D. Ky. 1951); Henis v. Compania Agricola De Guatemala, 116 F. Supp. 223 (D.C.D. Del. 1953), affirmed 210 F.2d 950 (3 Cir. 1954); Bauer *514 v. Servel, Inc., 168 F. Supp. 478 (D.C.S.D.N.Y. 1958). Nor does the allegation that there was a conspiracy between the individual defendants to unlawfully divert money from the Casualty Company's assets make the alleged transaction a continuous one. A mere allegation that there is a conspiracy is a conclusion, not a fact. It must be substantiated by facts  factual evidence; and to make the alleged conspiracy a continuing one, which would enable the plaintiff to sue, there must be factual evidence which would indicate that such conspiracy continued to a date after he became a policyholder. Here again, in his deposition, plaintiff says that the specific acts contained in his complaint, which includes an allegation that the defendants conspired together, took place before he became a policyholder. The plaintiff in his deposition could not testify to any diversion of the Casualty Company's money or to any acts which would be considered a part of a conspiracy which occurred after he became a policyholder.
It is interesting to note from the plaintiff's deposition that he admittedly purchased the policy of insurance in order to commence this litigation. He stated that he believed that success in this litigation would help him politically. He admittedly made no investigation of these corporations, except to examine the incorporation papers of the respective corporations and the annual reports of the Casualty Company filed for the years 1957, 1958 and 1959 with the Department of Banking and Insurance. His testimony shows that the alleged wrongful acts charged on the part of the defendants are based on beliefs, assumptions, conclusions and suspicions, but not upon factual evidence.
It is this type of action that was the basis for the promulgation of R.R. 4:36-2 and the enactment of N.J.S.A. 14:3-16, to prevent such proceedings.
I have considered the complaint and the amendments thereto filed with this court, together with the deposition of Anthony Amabile, the plaintiff, and find that there is no genuine issue as to any material fact.
*515 I find that the plaintiff has not satisfied the requirements of R.R. 4:36-2 or N.J.S.A. 14:3-16, in that there is neither averment nor proof that he was a policyholder of the Lincoln Mutual Casualty Company at the time of the alleged transactions of which he complains.
Accordingly, I find that the defendants are entitled to the entry of a summary judgment of involuntary dismissal as a matter of law, with costs.
An order may be submitted.