74 N.J. Super. 443 (1962)
181 A.2d 520
ANTHONY AMABILE, ETC., PLAINTIFF-APPELLANT,
v.
HARRY LERNER, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 23, 1962.
Decided May 25, 1962.
*444 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. Joseph Maran, Jr., argued the cause for appellant.
Mr. Everett M. Scherer argued the cause for respondents (Messrs. Riker, Danzig, Marsh & Scherer, attorneys for defendants other than Lincoln Mutual Casualty Insurance Company; Messrs. O'Mara, Schumann, Davis & Lynch, attorneys for respondent Lincoln Mutual Casualty Insurance Company; Mr. Scherer, on the brief).
*445 The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiff seeks to reverse a summary judgment entered in favor of defendants (R.R. 4:58) on their motion in an action in the Superior Court, Chancery Division (Amabile v. Lerner, 64 N.J. Super. 507 (Ch. Div. 1960)). Plaintiff, asserting his ownership of a policy of automobile insurance purchased from the Lincoln Mutual Casualty Insurance Company (Lincoln Casualty) on September 7, 1960, instituted suit on September 15, 1960, as an allegedly derivative action "for himself and for all other policyholders of the Lincoln Mutual Casualty Insurance Company similarly situated."
As amended, the complaint, containing 19 counts, charged that the individual defendants, officers and directors of Lincoln Casualty (organized pursuant to N.J.S.A. 17:17-1 et seq.), conspired to form the other defendant corporations, Lenox Finance Co., Inc. (Lenox), the Lincoln Co. (Lincoln), and the Safe Drivers Club, Inc. (Drivers), of which they are officers, directors and sole stockholders; and that thereafter in their dealings with those corporations the individual defendants fraudulently diverted assets of Lincoln Casualty to the other corporate defendants for their personal benefit and to the detriment of the policyholders of Lincoln Casualty. Plaintiff demanded that Lincoln, Lenox, Drivers and the individual defendants account for the assets allegedly so diverted and return them to Lincoln Casualty. He also sought the removal of the individual defendants as officers and directors of the latter company and the appointment of a receiver therefor. Separate claims for damages were asserted against the individual defendants.
A detailed analysis of the complaint and a statement of the alleged bases for the relief sought by plaintiff is contained in the aforesaid opinion (64 N.J. Super., at pp. 508-510).
In support of the motion for summary judgment defendants submitted affidavits and plaintiff's deposition, while plaintiff relied on his verified complaint as amended. The *446 court, determining that no genuine issue as to any material fact existed, adjudged that the defendants were "entitled to the entry of a summary judgment of involuntary dismissal as a matter of law." (Amabile, at pp. 514-515).
We note that the trial court held that as plaintiff became a policyholder after the "time of the alleged transactions of which he complains" (1957-1959, inclusive), he was without right to maintain the allegedly derivative action (Amabile, at pp. 512-514).
We have reached the conclusion that the defendants were entitled to prevail on their motion for summary judgment. However, we prefer to rest our decision solely on the ground that plaintiff failed to produce any facts which could withstand defendants' motion.
We observe in passing (as also noted by the trial court) that plaintiff in his deposition admitted he purchased the policy of insurance in order to commence this very litigation. He stated that one of his purposes in instituting the suit was to advance himself politically. On argument of the appeal his counsel also admitted that such was one of his client's objectives.
An examination of the record convinces us (as it also did the trial court) that the alleged wrongful acts with which the defendants are charged by plaintiff are, as far as disclosed by the instant suit, "based on beliefs, assumptions, conclusions and suspicions, but not upon factual evidence." Amabile, at p. 514. Plaintiff's deposition demonstrates that he has no personal knowledge of any facts which prove a breach of fiduciary duty or an unlawful diversion of corporate assets. He seeks to overcome that deficiency by asserting that the allegations in the amended complaint "must be taken as true for the purpose of considering defendants' motion for summary judgment," despite the fact that the motion was resolved on the basis of depositions and affidavits as well as on the amended complaint. Plaintiff's aforesaid assertion is contrary to the settled law of this State.
*447 In N.J. Mtge. and Inv. Corp. v. Calvetti, 68 N.J. Super. 18, 32 (App. Div. 1961), we said:
"It is soundly established that where the movant demonstrates a prima facie right to summary judgment, the opponent of the motion is required to show by competent evidential material that a genuine issue of material fact exists. Robbins v. Jersey City, 23 N.J. 229, 241 (1957). Where means exist to make an affirmative demonstration as to the existence or non-existence of the fact, it is not sufficient that the opponent of the motion merely assert a conclusion opposite to the factual position of the movant. Heljon Management Corp. v. Di Leo, 55 N.J. Super. 306, 312 (App. Div. 1959). This is the philosophy implicit in R.R. 4:58-6, modeled on Fed. R. Civ. P. 56 (e), 28 U.S.C.A., providing in pertinent part that `supporting and opposing affidavits shall be made on personal knowledge and shall set forth only facts which are admissible in evidence and to which the affiant is competent to testify.'"
In Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954), it was said that "Summary judgment procedure pierces the allegations of the pleadings to show that the facts are otherwise than as alleged. Wade v. Six Park View Corp., 27 N.J. Super. 469 (App. Div. 1953)." See also, Carlini v. Curtiss-Wright Corp., 71 N.J. Super. 101, 109 (App. Div. 1961), certif. den. 37 N.J. 133 (1962). As was said in Wade, at p. 471:
"Upon such a motion [for summary judgment] the court does not deem the pleadings to be true where, as here, the deposition submitted puts the question palpably beyond genuine controversy."
On the record before us the entry of summary judgment in favor of defendants was fully justified in the light of the principles above set forth.
The action of the trial court in granting summary judgment in favor of the defendants is affirmed.