108 N.J. Super. 232 (1970)
260 A.2d 855
PUBLIC SERVICE COORDINATED TRANSPORT, PLAINTIFF-RESPONDENT,
v.
MARLO TRUCKING CO., INC., A CORP., JOSEPH BRANCIFORTE ET AL., DEFENDANTS, AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 10, 1969.
Supplemental Briefs Submitted November 21, 1969.
December 3, 1969.
Decided January 14, 1970.
*233 Before Judges CONFORD, COLLESTER and KOLOVSKY.
Mr. Martin Kirsch argued the cause for Unsatisfied Claim and Judgment Fund Board.
Mr. Walter S. Cramer argued the cause for respondent.
Mr. Michael R. Connor argued the cause for Atlantic City Electric Company, New Jersey Bell Telephone Company and Public Service Electric and Gas Company, Amici Curiae (Messrs. Lloyd, Megargee & Steedle, attorneys).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
The Unsatisfied Claim and Judgment Fund Board (Fund) appeals from an order requiring it to pay all but the $100 statutory deduction (see N.J.S.A. 39:6-69) of the $1,500 judgment which plaintiff recovered *234 against defendant Marlo Trucking Co., Inc. (Marlo), a New York corporation, and its driver defendant Wilkerson in a property damage automobile negligence action.
On February 1, 1963, the date of the accident in Newark, New Jersey, which culminated in the negligence action, Marlo was insured under a policy of automobile liability insurance issued by Nationwide Mutual Insurance Company (Nationwide).
A letter written by Nationwide, a copy of which was attached to plaintiff's affidavit on its application for an order directing payment from the Fund, and the affidavit of Nationwide's district claim manager which plaintiff thereafter submitted, state that Nationwide had conducted its investigation of the accident under a nonwaiver agreement and that "at the conclusion of its inquiries" it had notified its insured Marlo that it disclaimed coverage because notice of the accident had not been given it until March 14, 1963. Nationwide asserted that the insured had thus breached the condition of the policy calling for notice of the accident to be given as soon as practicable.
Plaintiff did not sue Nationwide. In its application under N.J.S.A. 39:6-69, 70 and 71 seeking an order for payment from the Fund, after referring to Nationwide's disclaimer, plaintiff averred that
Therefore, the Judgment debtor was for practical purposes without insurance at the time this action was instituted, at the time judgment was obtained and remains so as to the plaintiff, Public Service Coordinated Transport.
The proofs as to the disclaimer were submitted in purported compliance with plaintiff's obligation under N.J.S.A. 39:6-70(f) to show that
The judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay in whole or in part the amount of the judgment.
*235 The trial court rejected the Fund's contention that under Wormack v. Howard, 33 N.J. 139 (1960), it could not be said that there was no liability insurance in effect unless and until plaintiff instituted an action against Nationwide and was unsuccessful therein. Citing Gilbert v. Unsatisfied Claim, etc. Board, 85 N.J. Super. 143 (App. Div. 1964), certif. den. 44 N.J. 403 (1965), the court ruled "that the evidence adduced by the plaintiff disclosed a bona fide disclaimer" by Nationwide so that plaintiff was entitled to the order directing payment out of the Fund.
Implicit in the trial court's citation of Gilbert was its finding that the insurance policy was executed and delivered to Marlo in New York, so that the law of that state governed the rights of the parties under the insurance contract. See Gilbert, supra, at 149; Kraynick v. Nationwide Ins. Co., 72 N.J. Super. 34, 38 (App. Div. 1962); Buzzone v. Hartford Accident and Indemnity Co., 23 N.J. 447, 452 (1957). We find no merit in the suggestion by the Fund in its supplemental brief that the New Jersey law[*] should be applied because the proofs do not establish that the policy was a New York contract. Marlo's principal place of business was in Brooklyn, New York; its driver was a New York resident, and the attorney who represented it generally was a New York attorney. Plaintiff asserts and defendant does not deny that the policy issued out of Nationwide's New York office. The logical inference to be drawn from the only proofs submitted is that the policy was executed and delivered to Marlo in New York.
Further, contrary to what the Fund argues, application of the New York law is not precluded because plaintiff did not plead the New York law. Under Evidence Rule 9(2) *236 the court is authorized to take judicial notice of the New York law even without request by a party. Moreover, it is evident that in fact plaintiff relied in the trial court, as here, on the New York law as set forth in Gilbert, supra, at 149.
In Gilbert, which also involved a policy executed and delivered in New York, this court held that Wormack v. Howard, supra,
[did not require] suit to be brought against a debtor's insurance carrier in every case as a prerequisite to the entry of an order requiring the Fund to pay a judgment. * * * [and that] if the proofs before the trial court establish without dispute that the insurance carrier had a legal right to disclaim, such an action is unnecessary. 85 N.J. Super., at 150
In Gilbert it appeared that the first notice the defendant's insurance carrier received of the accident was from a letter written by plaintiff's attorney 11 months thereafter. This court affirmed the trial court's ruling that under the law of New York "it was clear that the disclaimer was justified and that plaintiffs would be precluded from recovery in an action against the company on the policy." 85 N.J. Super., at 149.
The New York cases cited in support of the latter statement indicate that the Gilbert court assumed  as did the parties to the present appeal until the question was posed by this court following oral argument and supplemental briefs ordered  that under New York law if the insured was barred from recovering on the policy by reason of late notice so, too, was the party injured by the insured's negligence.
But that is not, and since 1939 has not been the law of New York. As Justice Botein said in writing for the Appellate Division in the leading case of Lauritano v. American Fidelity Fire Insurance Co., 3 A.D.2d 564, 162 N.Y.S.2d 553 (App. Div. 1957), aff'd o.b. 4 N.Y.2d 1028, 177 N.Y.S.2d 530, 152 N.E.2d 546 (Ct. App. 1958):
Today the injured party is no longer wholly dependent upon the diligence and conscientiousness of the person who caused him injury. It was precisely because accident victims could be deprived of all possibilities of recovery through the irresponsibility, obduracy or neglect *237 of the insured that § 167 of the Insurance Law was amended (L. 1939, ch. 882) to require every liability policy to contain:
"(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.
"(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."
While the policies in suit did not contain such provisions, they must be construed as though they did conform to the statutory requirements (Insurance Law, § 143). Hence, it is clear that when the insured has failed to give proper notice, the injured party, by giving notice himself, can preserve his rights to proceed directly against the insurer.
All members of this court are in agreement that the standards by which the notice given by the injured party must be judged differ from those governing notice given by the insured. The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured's delay (Pitts v. Aetna Casualty & Surety Co., 2 Cir., 1954, 218 F.2d 58, 62, certiorari denied [Aetna Casualty and Surety Co. v. Pitts,] 348 U.S. 973, 75 S.Ct. 535, 99 L.Ed. 757). When the injured party has pursued his rights with as much diligence "as was reasonably possible" the statute shifts the risk of the insured's delay to the compensated risk-taker who can initially accept or reject those for whom it will bear such risks.
The injured person's rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance. [162 N.Y.S.2d, at 556-557]
In view of the Lauritano rule, it cannot be said that here it has been established "without dispute" (Gilbert, supra) that because Nationwide did not receive notice of the accident until 42 days after it occurred, it had a legal right to disclaim as against the plaintiff. Whether it had such right  and we express no opinion thereon because Nationwide is not a party to these proceedings  is for determination in an action brought by plaintiff against Nationwide.
*238 Plaintiff's application for an order for payment should have been denied.
Although what we have said is dispositive of the appeal, since the Fund raised an additional objection to the order for payment, an objection which concerns not only plaintiff but also the amici curiae, we deal briefly with that issue. The Fund notes that plaintiff is a "self-insurer" and argues that as such it is barred from seeking payment from the Fund because N.J.S.A. 39:6-70 (l) requires the applicant for payment from the Fund to show that "[t]he application is not made by or on behalf of, any insurer by reason of the existence of a policy of insurance, whereby the insurer is liable to pay, in whole or in part, the amount of the judgment * * *."
We find no substance in the Fund's contention. The fact that pursuant to N.J.S.A. 39:6-52 plaintiff has been qualified as a self-insurer, thus eliminating the necessity that it carry automobile liability insurance insuring against liability to others, does not implicate N.J.S.A. 39:6-70, nor does it affect plaintiff's right to resort to the Fund for reimbursement for damage done to its own motor vehicle by reason of the negligent operation of an uninsured motor vehicle.
The order for payment from the Fund is reversed.
NOTES
[*] If the New Jersey law applied, Nationwide would have no right to disclaim even as against the insured since there is no showing that the insurance company suffered "a likelihood of appreciable prejudice" from the late notice. Cooper v. Government Employees Ins. Co., 51 N.J. 86, 94 (1968), decided January 22, 1968. seven months before plaintiff's application for payment was filed.