## AUSTIN ET AL. *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 240, September Term, 1963.]

90

*Decided March 9, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and MARBURY, JJ.

*William Graham Boyce, Jr.,* with whom were *J. Thomas Clark* and *Musgrave, Preston & Boyce* on the brief, for the appellants.

*Gerard Wm. Wittstadt, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order by Judge Cullen declaring that the appellee was not obligated to make payment on any judgment had against Millard Murray, the driver of a car owned by John Robinson, Jr. The appellants were injured in a collision between this car and their own on September 13, 1959. The order also absolved National Indemnity Company from making payments for either Murray or Robinson. The court's first ruling was based on a finding that the appellants had not exhausted their remedy against Robinson, and that this relieved the Fund from liability.

The facts are quite complicated and necessitate a rather full statement. The accident in question occurred in Queen Anne's County. Murray had no policy of liability insurance but Robinson had one with National Indemnity Company, covering the owner and anyone operating the vehicle named therein with the permission of the owner. Robinson and Murray were residents of Baltimore City; the Austins were residents of Queen Anne's County. Robinson notified National of the accident and it made an offer of settlement in the sum of $6,000.00 which was declined. Suits were filed in Queen Anne's County on July 25, 1960, alleging negligence on the part of both Robinson and Murray. It was not alleged that Murray was the agent or servant of Robinson or engaged in any business for him. It seems to be conceded that Robinson had simply loaned his car to Murray and was not in the car at the time of the accident. But it was alleged that Robinson was negligent in permitting Murray to operate his car in that he "knew or should have known at that time that the defendant, Millard Murray, was a careless driver and did use intoxicating beverages."

Process in the suits was served on Robinson and he forwarded the declarations and summons to National. It filed general issue pleas on his behalf and interrogatories that were answered by the three Austins. In those answers they asserted that.

Robinson knew that Murray "would indulge in intoxicating beverages, for he as well as the said Millard Murray had indulged in the same on many previous occasions, and he knew that this trip was a party occasion." Murray was served with process some two months later but did not forward his declarations and summons to National, and it filed no plea on his behalf. It had notice that he was a potential party, of course, through the declarations forwarded by Robinson, claiming joint liability. On November 9, 1960, counsel for the appellants dismissed their suits against Robinson, took default judgments against Murray and had them extended after inquisition in the total amount of $11,500.

On November 16, 1960, counsel for the Austins made demand for payment on National, and on November 22, 1960, threatened suit. On December 8, 1960, counsel for National orally disclaimed liability on the ground that Murray had not cooperated as required by the policy. Formal notice of disclaimer, however, was not filed with the Commissioner of Motor Vehicles until April, 1961. On December 28, 1960, demand was made by letter upon the Unsatisfied Claim and Judgment Fund, followed by the formal execution of the claim on forms supplied by the Fund.

The default judgments obtained in Queen Anne's County were filed in Baltimore City and attachments against National issued thereon. On February 16, 1962, Judge Foster dismissed the attachments, after hearing, and ruled that National was relieved of its obligations under the policy because of Murray's non-cooperation. The appellants entered an appeal to this Court which was later dismissed.

On March 27, 1962, the appellants filed in the Circuit Court for Queen Anne's County applications for payment of the default judgments from the Fund. Counsel for the Fund answered contending that it had no notice of the default judgments and hence was not liable, under Code (1957), Art. 66½, sec. 164, and further that notice of the disclaimer by National was not given within 30 days, the time required by law. With Murray's express consent, and the consent of the Austins, the default judgments were stricken out on June 12, 1962. Counsel for the Fund, who was also representing Murray at the time, moved

for dismissal on the ground of improper venue. The motion was granted. On July 16, 1962, the Austins filed suit against Murray in Baltimore City. On August 20, 1962, the present suit for declaratory judgment was filed against the Austins, Robinson and Murray, and National Indemnity Company. The latter moved for summary judgment.

There is no merit in the suggestion that timely notice of the disclaimer was not given. Judge Cullen found that the notice was timely and his finding is not challenged on appeal. On the other hand, we find no merit in the appellant's contention that the Fund was estopped from bringing the suit for declaratory relief. The argument seems to be based on the conduct of the appellee in consenting to the striking of the default judgments in Queen Anne's County. But we think the recitals in Judge Keating's opinion indicate that the judgments were stricken because he found that the Fund was legally entitled to defend the action and would not otherwise be liable. His requirement that Murray consent was because Murray might be subjected to the risk of a larger judgment.

If the Attorney General had a change of heart and, instead of assisting in the prosecution of the appeal from Judge Foster's ruling, decided to disclaim on behalf of the Fund, we think he was entitled to do so. In a letter dated June 6, 1962, prior to the striking of the judgments, the Attorney General definitely stated that it should not be assumed that the Fund would honor the claims if the judgments were stricken or the appeal dismissed. It seems clear, also, that when the appellants failed to prosecute their appeal Judge Foster's ruling became final, so far as National was concerned. Even if Judge Foster were wrong in holding as he did without a showing of prejudice, cf. *Fid. & Cas. Co. v. McConnaughy*, 228 Md. 1, 12, the Fund cannot revive the claim. *Assurance Corporation v. Perkins*, 169 Md. 269, 285. The Fund argued in the court below that National's disclaimer was invalid and that its potential liability to Murray relieved the Fund. But Judge Cullen held otherwise and there was no cross-appeal. Judge Cullen also ruled that a disclaimer placed Murray in the same position as an uninsured motorist, citing Code (1957), Art. 66½, sec. 154. This holding is likewise not challenged on appeal.

This brings us to the nub of the case. Judge Cullen held that in dismissing the suit against Robinson the appellants had failed to exhaust an available remedy. Code (1957), Art. 66½, sec. 160, provides for an order against the Fund if the court is satisfied, upon hearing, that "the applicant has fully pursued and exhausted all remedies available to him for recovering the amounts referred to in paragraph (3) of subsection (b) of § 162 by commencing action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages and prosecuting every such action in good faith to judgment and taking all reasonable steps available to him to collect on every judgment so obtained." Sec. 162 (b) (3) speaks of amounts that the applicant "in the opinion of the court, is likely to receive * * * for damages * * * arising out of the same accident."

The appellee points to the declaration and interrogatories asserting liability on the part of Robinson for lending his car to a known careless driver and user of alcoholic beverages. The sufficiency of these allegations was not tested by demurrer. But if we assume, without deciding, that they state a cause of action they are still merely allegations and not proof. It was shown that Murray was not charged with drunken driving at the time of the accident in question. He was simply found guilty of failure to yield the right of way. There was no evidence that he had had anything to drink at that time. If Murray had not imbibed prior to the accident, and drinking was not a contributing cause of the accident, it is difficult to see how Robinson's knowledge that Murray had inbibed on previous occasions could be material. It is not alleged or shown that Murray had ever driven while intoxicated, and he had no record of a conviction for that offense. The only two convictions prior to the accident were for exceeding the speed limit on two occasions about a year apart, for each of which he was fined $10.00. This is hardly sufficient to establish such habitual recklessness as to make the lender liable.

The attorney who drew the declaration admitted that he had not made a thorough investigation of the allegations he made. He said he relied on what his clients told him. But he testified they learned from an unidentified physician that the charges (pre-

sumably the drinking) could not be supported. He testified he dismissed the case against Robinson because "I never expected to collect on it" and "I didn't think I could get a judgment on it anyway." It may be that the attorney's conduct was reprehensible in making charges he could not support. Still it does not tend to establish that a remedy against Robinson was "available" to his clients or that they were "likely to receive" damages from that source. The proof simply does not measure up, even if we assume that the burden to show reasonable diligence and good faith is upon the claimants and not on the Fund.

The appellee relies upon a New Jersey decision in the Superior Court, *Gray v. Tice,* 145 A. 2d 353. That case simply held, however, that a settlement made in good faith did not relieve the Fund on the ground asserted, that the claim had not been prosecuted "to judgment." A case more closely in point is *Wormack v. Howard,* 162 A. 2d 846 (N. J. Supr. Ct.). It was there held that where the claimant merely accepted the disclaimer of an insurance carrier on the ground of lack of cooperation, without attempting to execute upon a default judgment, and without further investigation, its lack of diligence barred recovery against the Fund. But that is not the situation in the instant case. We find nothing in the cases to suggest that failure to press a groundless claim would support a finding of lack of diligence or good faith.

For these reasons we think the order declaring that the Fund is not obligated to pay any judgment that may be obtained against Murray must be reversed but that the declaration as to National should stand.

> *Order reversed in part and affirmed in part, costs to be paid by the appellee.*