HONEYWELL *v.* ROBERSON ET AL.
[No. 299, September Term, 1964.]

*Decided July 13, 1965.*

The cause was submitted to PRESCOTT, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

Submitted on brief by *Edward C. Bell* for the appellant.

Submitted on brief by *James J. Cromwell, William G. Clark* and *Clark & Cromwell* for the appellees.

SYBERT, J., delivered the opinion of the Court.

On September 27, 1962, the appellees, Frank F. Roberson and Vera Mae, his wife, filed suit against the appellant, George A. Honeywell, in the Circuit Court for Montgomery County to recover damages suffered as the result of an automobile accident which occurred on July 3, 1962. On October 1, 1962, Mrs. Roberson filed with the Unsatisfied Claim and Judgment Fund Board a notice of intention to make a claim against the Fund. (The record does not show that Mr. Roberson filed such a notice but the point is not raised on this appeal.) Judgments were entered in the tort action in favor of the appellees and against the appellant in November, 1963, after a jury trial.

In February, 1964, the appellees filed in the Circuit Court for Montgomery County a petition for payment of their judgments out of the Fund. At a summary hearing thereon before Judge Shook it was agreed that the appellant had filed a suit in the United States District Court for the District of Columbia against a solvent insurance company which he claimed was liable for damages arising out of the automobile accident under a policy which had been issued by the company to him. Judge Shook was told that the insurance company was defending that action on the ground that it had cancelled the policy before the accident for nonpayment of a premium, but that the appellant was

contending that he had mailed a check in the amount of the premium to the company before the accident. Judge Shook also was informed that the company claimed the check was not received by it until approximately one month after the accident occurred, and that in Honeywell's checkbook the check immediately preceding, and the check immediately succeeding the check sent to the company were dated approximately one month after the happening of the accident. The district court case had not been tried at the time of the hearing before Judge Shook. Judge Shook signed an order requiring the State Treasurer to pay the appellees the sum of $1157.40 (representing the portions of their judgments allowable under the Unsatisfied Claim and Judgment Fund Law) upon the receipt of assignments of the judgments. The appellant appeals from that Order.

The sole question presented to us is whether Judge Shook erred in passing the order appealed from during the pendency of Honeywell's action against the insurance company.

The appellant points out that under Code (1957), Art. 66½, sec. 159(e), the appellees were required to show below that the appellant "* * * at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay the amount of the judgment, up to the limits set forth in § 162(a) * * *." Appellant contends that the appellees failed to meet this requirement in view of his showing that there was a "possibility of liability coverage" depending on the outcome of the district court case and that therefore the appellees have failed to exhaust their remedies to permit payment from the Fund.

We have not had occasion previously to deal with the question now before us. Honeywell relies entirely on a case decided by the New Jersey Supreme Court, *Wormack v. Howard*, 162 A. 2d 846 (1960), involving a statutory provision similar to ours. In that case an insurance carrier disclaimed liability on the ground of non-cooperation by the defendant for failure to notify the company of an accident. The plaintiff, making no attempt to establish whether or not the disclaimer was based upon frivolous or nonexistent facts, accepted the disclaimer as final and did not pursue the possible liability of the defendant's insurance company, but instead, after obtaining a judgment

against the defendant, petitioned the New Jersey Fund for payment. The Supreme Court held that the plaintiff had not exhausted his remedies since he should have sued the insurance company before seeking payment from the Fund.

The appellant appears to read *Wormack* as standing for the proposition that under a statutory provision such as sec. 159(e), *supra,* of our Act, the Fund cannot be compelled to pay a judgment entered against an uninsured motorist if there is any possibility of coverage by an insurer. But, as the appellees point out, *Wormack* has not been interpreted so broadly, even in New Jersey. In *Gilbert v. Unsatisfied Claim, Etc., Bd.,* 204 A. 2d 204 (N. J. Super. 1964), the New Jersey Fund, in resisting a claim, relied on *Wormack* in support of its position that where the insurance carrier of a judgment debtor disclaims, the judgment creditor should be required to sue the insurer before the Fund is compelled to pay the judgment. However, the Superior Court, Appellate Division, found that because the plaintiff had received from the insurance company a copy of a letter from the defendant admitting that he had not given the required notice of the accident, he was entitled to rely upon the validity of the disclaimer. It noted that the Fund had an opportunity to investigate the bona fides of the disclaimer, but had offered nothing to cast doubt upon its validity. In holding that the plaintiff had sufficiently exhausted his remedies to permit payment from the Fund, the Court stated (at p. 208) :

> "We do not read Wormack as requiring suit to be brought against a debtor's insurance carrier in every case as a prerequisite to the entry of an order requiring the Fund to pay a judgment. In our view, if the proofs before the trial court establish without dispute that the insurance carrier had a legal right to disclaim, such an action is unnecessary."

We think *Gilbert* is more closely analagous to the case before us than *Wormack*. However, on the record presented here, we find it unnecessary to determine whether or not the test laid down in the second sentence of the quotation from *Gilbert, supra,* is too strict. Cf. *Mundey v. Unsatisfied Fund,* 233 Md. 169, 195 A. 2d 720 (1963). Code (1957), Art. 66½, secs.

160(a) and (c), provide that a court shall pass an order for payment out of the Fund when, *inter alia,* "* * * the court is satisfied, upon the hearing * * *", "that the applicant has fully pursued and exhausted all remedies available to him for recovering the amounts referred to in paragraph (3) of subsection (b) of § 162 by commencing action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages and prosecuting every such action in good faith to judgment and taking all reasonable steps available to him to collect on every judgment so obtained." Sec. 162(b)(3) speaks in terms of deducting "all amounts that the applicant has received or, in the opinion of the court, is likely to receive" from the applicable maximum amount allowable under the Fund law. In *Austin v. Unsatisfied Fund,* 234 Md. 89, 198 A. 2d 82 (1964), we distinguished the *Wormack* case in considering secs. 160 and 162 and found there is no requirement to attempt to press a groundless claim to judgment. In that case, after the attorney for the claimant had filed actions against the owner of a motor vehicle alleging that he had been negligent in permitting another person to operate his automobile, he dismissed them because he could not support his allegations. We held that under the circumstances of that case there was no proof of lack of diligence in exhausting the claimant's remedies. Also in *Austin,* the Fund contended in the lower court, without success, that a disclaimer of liability by an insurance carrier involved therein was invalid and that the carrier's potential liability relieved the Fund, but the point was not raised on appeal and we did not decide the question.

Under the circumstances of the instant case we are of the opinion that the requirements of secs. 160(a) and (c) were fulfilled. In regard to sec. 159(e) we hold that its requirements were met when it was shown that Honeywell's insurer had disclaimed liability because of the cancellation of the policy for the reasons given, the validity of which was not refuted by the Fund. We think Code (1964 Cum. Supp.), Art. 66½, sec. 154(a), clearly shows the legislative intent that a disclaimer of liability by a debtor's insurer is to constitute a *prima facie* showing by a claimant that the debtor is uninsured. Sec. 154(a), as amended in 1960, provides that a person may give notice of an

intent to file a claim against the Fund "within 30 days of receiving notice that an insurer had disclaimed on a policy of insurance so as to remove or withdraw liability insurance coverage for his claim against a person or persons who allegedly caused him to suffer damages." Cf. *Ohio Casualty Insurance Company v. Ross*, 222 F. Supp. 292, footnote, p. 293 (D. C. Md. 1963). In regard to whether the appellees exhausted their remedies before petitioning for payment, as we indicated above, secs. 160 and 162 give the lower court judge considerable latitude in determining whether such requirement has been met. Under the circumstances of this case we cannot say that Judge Shook was clearly wrong in concluding that it was met.

Finally, we find an additional reason for permitting a claimant under a judgment to recover from the Fund when there is a disclaimer by the debtor's insurer. Under sec. 166 the Treasurer cannot pay any sum out of the Fund until the claimant has assigned his judgment to the Commissioner of Motor Vehicles. In the case before us Judge Shook incorporated this statutory requirement in her order. Therefore, if Honeywell is successful in his action against his alleged insurer the Fund will be subrogated to his rights against the insurer.

*Order affirmed, with costs.*