MADDOX ET AL. *v.* SHANKS

(Three Appeals in One Record)

[No. 455, September Term, 1964.]

*Decided November 15, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*William R. Hymes* and *William E. Brannan* for the appellants.

*Norman F. Summers,* with whom was *Julian S. Brewer, Jr.,* on the brief, for the appellee and cross-appellant.

HORNEY, J., delivered the opinion of the Court.

This is an appeal by the Unsatisfied Claim and Judgment Fund (the Fund) from a lower court order directing payment from the Fund of a judgment obtained by Vera Shanks (judgment creditor), the injured party, against William H. Maddox (judgment debtor and nominal appellant), an alleged insured.

The appeal turns on the question as to whether the lower court erred in ordering payment of the judgment from the Fund even though there was a possibility that the judgment debtor was an insured under an automobile liability policy issued to Elsie Mae Farrow (named insured) by the Maryland Indemnity Insurance Company (insurance company or insurer).

At the time of the accident, the judgment debtor was operating a truck owned by the named insured, which, with her permission, he was using to tow a merry-go-round mounted on a trailer she had previously sold, but had not delivered, to a third party. While the merry-go-round was being towed from one location to another, the trailer broke loose from the truck and struck the automobile in which the judgment creditor was riding and seriously injured her.

When the insurance company was notified of the accident, it denied coverage and the injured party filed notice of an intention to make a claim against the Fund and subsequently filed suit against both the owner and the operator of the truck. At the trial of the case, the jury found in favor of the injured party against the operator but not the owner of the truck and judgment was entered in accordance with the verdict. And when the judgment creditor was unable to obtain satisfaction of her judgment from the judgment debtor, she applied to the lower court for an order directing payment from the Fund. The application was opposed and at the hearing thereon it was stipulated that the sole issue was whether or not there was a possibility that the judgment debtor was "an insured" under the policy issued to the named insured.

At the hearing on the application, a representative of the insurance company, testifying on behalf of the judgment creditor, stated that the truck was insured but that the trailer was

not covered, that the use of the trailer was not within the terms of the policy, that the parties had been so advised, and that the Fund had not indicated that it disagreed with the position taken by the company following the notice of disclaimer. On the contrary, a representative of the Fund, claiming that it had not seen a copy of the insurance policy until after the filing of the application for payment of judgment, disputed the insurance company's interpretation of the coverage afforded by the policy, and further testified, among other things, that the trailer exclusion clause was not applicable to the facts of this case because the operator of the truck was an insured by virtue of using the truck with the permission of the owner. The lower court concluded that the judgment debtor was not covered by an automobile liability insurance policy which would be liable for the payment of the judgment against him.

Since, as a prerequisite to the passage of an order requiring the Fund to pay a judgment, Code (1957), Art. 66½, § 159(e) requires an application for payment to show that "the judgment debtor at the time of the accident was not insured under a policy of automobile insurance under the terms of which the insurer is liable to pay the amount of the judgment," the Fund, claiming that the judgment debtor was such an insured person as is defined in the statute and that there is a possibility of insurance coverage being available to him, contends that the judgment creditor has not satisfied the requirement of § 159(e). While we agree, as the judgment creditor apparently concedes, that the Fund had a right to raise a question as to the possibility that the judgment debtor was an insured under the policy in question, that is a matter which is not reached under the circumstances of this case. Rather, we think the judgment creditor is entitled to payment of her judgment without further delay upon the assignment of it to the Commissioner of Motor Vehicles, for, as we see it, this case is indistinguishable on the facts from the decision of this Court in *Honeywell v. Roberson*, 239 Md. 430, 212 A. 2d 245 (1965). In any event, the Fund, as assignee of the judgment, will have all the rights of the judgment creditor under the judgment and be entitled to enforce the same. See Code (1957), Art. 66½, § 166.

In the *Honeywell* case, where the judgment creditor had been awarded damages which she could not collect from the judgment debtor and as a result had applied for an order directing payment from the Fund, and where the judgment debtor had filed suit (which had not been tried) to compel an insurance company to provide him with coverage under a liability policy that had been issued to him but as to which the company had disclaimed any liability and the validity of the disclaimer was not contested by the Fund, it was held that the requirements of § 159(e) had been met. We think therefore that the holding in that case, to the effect that a disclaimer of liability by an insurer constitutes a *prima facie* showing by the applicant that the judgment debtor was uninsured, compels a holding in this case that the judgment creditor was entitled to payment of her judgment from the Fund. But this does not mean that the requirement of § 159(e), *supra,* is satisfied in every case by a showing that an insurer, if there be one, had made a disclaimer of liability. A showing of disclaimer does no more than satisfy the requirements of the statute where the Fund is unable to disprove, by evidence to the contrary, the presumption that the insurer had a legal right to disclaim. Nor does it mean that the ruling of the lower court on the question of insurance coverage at the hearing on the application for payment of judgment will preclude the bringing of subsequent litigation to determine the liability of an alleged insurer, where there has been no agreement among the interested parties, including the insurer, to litigate this question at the summary hearing. There is no reason why the Commissioner of Motor Vehicles, having paid the judgment and taken an assignment thereof from the judgment creditor pursuant to § 166, *supra,* may not, as a subrogee, seek reimbursement from the insurance company in a subsequent adversary proceeding.

The holding of the lower court was proper, but the order directing payment of $7400 with interest and costs should be modified to include interest and costs from October 21, 1964, the date of the order.

> *Order modified, and as modified, affirmed; appellants to pay the costs.*