## PARKS, ET AL. *v.* WILLIAMS AND UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 211, September Term, 1967.]

*Decided May 2, 1968.*

*Motion for rehearing filed June 3, 1968; denied June 6, 1968 and opinion modified.*

The cause was argued before HAMMOND, C. J., and HOR-NEY, MARBURY, BARNES, McWILLIAMS and SINGLEY, JJ.

*William T. Russell, Jr.,* with whom were *Baker & Lockhart* and *Walter M. Baker* on the brief, for appellants.

*Robert J. Thieblot* and *William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Allen, Thieblot & Hughes* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

On 5 July 1965, Webster Williams, a resident of Pennsylvania, one of the defendants below and one of the appellees here, was involved in an automobile accident in Cecil County, Maryland. At the time of the accident Williams was insured by Bankers Allied Mutual Insurance Company (the Insurer) under a policy which limited the Insurer's liability for injuries to persons to $10,000 as to any one person and $20,000 as to any one accident.

An action instituted against Williams in the Circuit Court for Cecil County by the appellants resulted in the entry of judgments absolute on 28 November 1966 in favor of the appellants in the following amounts:

| | |
|---|---|
| Roy Gilbert Parks | $ 5,000 |
| Gladys G. Parks | 3,000 |
| David G. Parks | 250 |
| Sandra J. Parks | 750 |
| Wilmer W. Parks | 20,000 |
| Total | $29,000 |

No payments were made by the Insurer, whose operations were suspended on 29 December 1966 by the Pennsylvania Insurance Department and, on 8 February 1967, the Insurer was ordered liquidated by the Court of Common Pleas of Dauphin County, Pennsylvania.

Meanwhile, on 17 January 1967, the appellants filed a petition for the payment of their judgments by Maryland's Unsatisfied Claim and Judgment Fund Board (the Fund), which had been joined as a defendant in the action below. The Fund conceded that it was liable for the payment of $4,900 [1] on account of the judgment of $20,000 rendered in favor of Wilmer W. Parks, but denied liability for the payment of any portion of the other judgments.

From an order of the Circuit Court of Cecil County sustaining the Fund's position, this appeal was taken. The appellants rest their case on two contentions: First, that they are entitled to have their judgments satisfied by the Fund when the defendant's insurer, although solvent when the action was instituted and when judgment was entered, became insolvent before payment was made; and second, that they are entitled to have their judgments satisfied by the Fund when the defendant is insured under a policy having limits less than those required by Maryland law. Since we take the view that the second contention is controlling, we need not consider the first.

Maryland's Unsatisfied Claim and Judgment Fund is provided for by Code (1957, 1967 Replacement Volume) Art. 66½, §§ 150-179. When their judgments were not paid, the appellants acted under § 158 of Art. 66½, which provides:

> "When any qualified person or the personal representative of such person recovers a valid judgment for an amount in excess of one hundred dollars ($100.00), exclusive of interest and costs, in any court of competent jurisdiction in this State, against any other person who was the operator or owner of a motor vehicle, for injury to, or death of, any person or persons or for damages to property, except property of others in charge of such operator or owner or such operator's or owner's employees, arising out of the ownership, maintenance or use of the motor vehicle in this State on or after the first day of June, 1959, and any amount

---

1. This was the difference between the policy limit of $10,000 and the minimum of $15,000 required by statute, less a deduction of $100 applicable at the time of the injury.

in excess of one hundred dollars ($100.00) remains unpaid thereon, such judgment creditors may, upon the termination of all proceedings, including reviews and appeals in connection with such judgment, file a verified claim in the court in which the judgment was entered and, upon ten days' written notice to the board, may apply to the court for an order directing payment out of the funds, of the amount unpaid upon such judgment, subject to the limitations stated in § 162."

Art. 66½, § 159 sets out, in detail, the manner in which the application shall be heard. It provides, in part:

"(a) The court shall proceed upon such application, in a summary manner, and, upon the hearing thereof, the applicant shall be required to show—

\* \* \*

"(e) The judgment debtor at the time of the accident was not insured under a policy of automobile liability insurance under the terms of which the insurer is liable to pay the amount of the judgment, up to the limits set forth in § 162 (a) herein, \* \* \*."

The limits set forth in § 162 (a) are

"fifteen thousand dollars ($15,000) exclusive of interest and costs, on account of injury to, or death of, one person in any one accident; subject to such limit for any one person so injured or killed, thirty thousand dollars ($30,000), exclusive of interest and costs, on account of injury to, or death of, more than one person, in any one accident."

However, prior to the 1966 amendment [2] to § 162 (b) (1) the statute provided for a deduction of $100 from the amount payable to each person. See *Simpler v. State, Use of Boyd,* 223 Md. 456, 165 A. 2d 464 (1960).

---

2. Chapter 664 of the Laws of Maryland, 1966 limited the applicability of the deduction to judgments for damages to real and personal property.

The lower court, in limiting the amount which the Fund was required to pay to the difference between the $10,000 limit contained in the policy written by the Insurer and the statutory minimum required by §§ 159 (e) and 162 (a), took the view that the statute contemplated that the Fund need only pay such difference. We do not share this view. The statute, § 159 (e), contemplates that the Fund shall pay the amount of the judgment rendered against an underinsured debtor "up to" the $15/30,000 limits set forth in § 162 (a) ; provides that in calculating the amount of payment, there shall be deducted "All amounts that the applicant has received or, in the opinion of the court, is likely to receive from any source, in or toward payment of the judgment" [§ 162 (b) (2)], and provides for an assignment of any judgment obtained by the applicant to the Commissioner of Motor Vehicles as a condition precedent to the making of any payment from the Fund [§ 166]. This, to us, is clearly indicative of a legislative intent that where a judgment is obtained against an underinsured motorist, whose insurer is not liable for the payment of the judgment "up to" the limits of $15/30,000, the Fund makes payment to the applicant-creditor and then steps into the shoes of the latter. This is but a logical extension of our decisions in the cases of *Maddox v. Shanks,* 240 Md. 348, 214 A. 2d 323 (1965) and *Honeywell v. Roberson,* 239 Md. 430, 212 A. 2d 245 (1965) where the insurers had disclaimed liability, and payment was ordered from the Fund.

As Judge Horney, speaking for this Court, said in *Maddox v. Shanks,* 240 Md. at 351:

"Since, as a prerequisite to the passage of an order requiring the Fund to pay a judgment, Code (1957), Art. 66½, § 159(e) requires an application for payment to show that 'the judgment debtor at the time of the accident was not insured under a policy of automobile insurance under the terms of which the insurer is liable to pay the amount of the judgment,' the Fund, claiming that the judgment debtor was such an insured person as is defined in the statute and that there is a possibility of insurance coverage being available to him, contends that the judgment creditor has not sat-

isfied the requirement of § 159(e). While we agree, as the judgment creditor apparently concedes, that the Fund had a right to raise a question as to the possibility that the judgment debtor was an insured under the policy in question, that is a matter which is not reached under the circumstances of this case. Rather, we think the judgment creditor is entitled to payment of her judgment without further delay upon the assignment of it to the Commissioner of Motor Vehicles, for, as we see it, this case is indistinguishable on the facts from the decision of this Court in *Honeywell v. Roberson,* 239 Md. 430, 212 A. 2d 245 (1965). In any event, the Fund, as assignee of the judgment, will have all the rights of the judgment creditor under the judgment and be entitled to enforce the same. See Code (1957), Art. 66½, § 166."

For this reason, we hold that the court below erred in entering an order directing the payment of $4,900 to Roy G. Parks as parent and next friend of Wilmer W. Parks and that an order directing the making of payments with interest from 10 May 1967 (the date of the order appealed from) and costs should have been entered as follows:

| | |
|---|---:|
| Roy Gilbert Parks | $ 4,900 |
| Gladys G. Parks | 2,900 |
| David G. Parks | 150 |
| Sandra J. Parks | 650 |
| Wilmer W. Parks | 14,900 |

on condition, however, that their judgments against Williams are assigned as provided by § 166.

> *Order reversed, case remanded for the entry of an order in conformity with this opinion; costs of this appeal to be paid by the appellees.*