## HICKMAN *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 143, September Term, 1969.]

*Decided October 13, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, BARNES, FINAN, SINGLEY and SMITH, JJ.

*Norman F. Summers*, with whom was *Julian S. Brewer, Jr.*, on the brief, for appellant.

Court did not hear argument from appellee, for whom were *Francis B. Burch, Attorney General, William E. Brannan, Assistant Attorney General, Jerome T. May* and *Wray, Serio & Hopper*, on the brief.

HAMMOND, C. J., delivered the opinion of the Court.

Warner Hickman was seriously injured when, according to the investigating officer, as he was driving north on Route 170 in Anne Arundel County at an apparently high rate of speed on a rainy night, after having imbibed alcohol, his car was unable to stay in its lane around a long sweeping curve, crossed into the southbound lane, came back into the northbound lane and ran off the road into a gully and up an embankment into a tree.

Hickman gave timely notice of his intention to sue the Unsatisfied Claim and Judgment Fund Board. He followed this by a petition under Code (1967 Repl. Vol.), Art. 66½, § 167, which alleged that an automobile going south on Route 170 crossed over into the northbound lane, causing Hickman to cut to his left and run off the road, and prayed an order allowing him to sue the Board. The Circuit Court for Anne Arundel County refused the relief he sought because he had not made, as § 167 requires as a prerequisite to the right to sue the Fund Board, "[a]ll reasonable efforts * * * to ascertain the identity of the [phantom] motor vehicle and of the owner and operator thereof * * *."

Judge Melvin said:

> "In this case there was no evidence presented to the court of *any efforts* made by the applicant or anyone on his behalf *at any time* to ascertain either the 'identity of the motor vehicle or the owner and operator thereof.' In fact, at the hearing before the court the petitioner seems to have proceeded as if the statutory requirement

of making 'all reasonable efforts' did not exist. In his testimony, he was not even asked, what, if any, efforts he or anyone else made, or, if efforts were not made, why not.

"In argument his counsel concedes that no effort was made by the petitioner, and there is no evidence that anyone else made an effort. The court is, nevertheless, asked to assume from the circumstances that it would have been useless to do so and that therefore it is not necessary to show that *any effort* was made. The court is unwilling to make such an assumption.

"It seems to the court that as a *minimum* the petitioner should have informed the police officer at some time of the circumstances of the accident. With the investigative resources available to the police, including the reports of any other accidents in the area, such information may or may not have resulted in locating or identifying the other car or its owner or operator. But there is no requirement that the 'reasonable effort' be successful, only that it be made."

We think Judge Melvin was right.

It is argued that Hickman was so seriously injured that it would be unreasonable to expect him to have told the police officer of the other car. Hickman testified that he did talk to the officer before he was taken to the hospital and it is conceded that he did not make any reference to another car, when it would have been most natural for him to have immediately vented his resentment at one who had injured him. Hickman left the hospital less than a month after the accident and then put himself in the hands of a lawyer. His lawyer tells us in his brief:

"It was then the judgment of Counsel that any investigative efforts would have been fruitless, and, other than obtaining the Police Report,

which was void of information regarding the identity of the other vehicle, Counsel did not then pursue the matter further but accepted the Appellant's version of the factual circumstances of this case. Appellant also points out that the subject accident occurred in an area of Anne Arundel County which is sparsely populated. This would preclude all hope of obtaining any other witness to this case. For Counsel or Appellant to investigate this case further would [have been and] be 'unreasonable'."

The difficulty with these arguments is that the statute requires "all reasonable efforts" to be made to ascertain the identity of the car involved and its owner and driver. It does not permit the injured person to be the judge of the need to investigate or of the probability of success. The statute does not grant the right to sue in a "hit and run" case to one who, when faced with the need to seek the facts, becomes fainthearted or completely indolent. At the least, it cannot be assumed that if the investigating officer had been told of the other car at the time of the accident or later, relevant information would not have resulted. Admittedly here the appellant made *no* identifying effort and we cannot equate "no" with "all reasonable."

*Order affirmed, with costs.*