## BALLANTINE *v.* UNSATISFIED CLAIM AND JUDGMENT FUND ET AL.

[No. 110, September Term, 1970.]

*Decided November 11, 1970.*

510

The cause was argued before HAMMOND, C. J., and MC-
WILLIAMS, FINAN, SMITH and DIGGES, JJ.

*Samuel D. Hill,* with whom were *Buckmaster, White,
Mindel & Clarke* on the brief, for appellant.

*Robert J. Thieblot,* with whom were *Donald C. Allen*
and *Allen, Thieblot & Alexander* on the brief, for Un-
satisfied Claim and Judgment Fund, part of appellees;
and *John C. Love,* with whom were *Charles H. Reed, Jr.,*
and *Cameron & Reed* on the brief, for other appellee,
Alexander Shaw.

FINAN, J., delivered the opinion of the Court.

We must decide in this case whether a victim of an
automobile accident who neglected to sue one of two joint
tortfeasors will nevertheless be allowed to recover from
the Unsatisfied Claim and Judgment Fund (Fund) pur-
suant to Art. 66½, § 160 of the Maryland Code. The short
answer is that he will not.

Appellant (Ballantine) was a passenger in a car driven
by his friend Shaw on the evening of November 16, 1968.
Shaw's auto collided with a truck operated by one Rex
Bobbitt and which Bobbitt had parked on the shoulder
of U. S. Route 1A in Harford County in such a manner
that part of the truck protruded onto the highway itself.

Ballantine and Shaw sued Bobbitt for personal injuries. Bobbitt was uninsured, and through the Fund, filed a counterclaim against Shaw, alleging that any damages which Ballantine might have suffered were due to Shaw's negligence, and asking that judgment be entered against Shaw for Bobbitt for any amounts which might be found to be due from Bobbitt to Ballantine.[1]

The case was removed to Baltimore County and tried before a jury on January 6, 1970. The jury found that both Bobbitt and Shaw were guilty of negligence and that Ballantine suffered $7500 in damages. The lower court entered judgment for Ballantine against Bobbitt, for $7500, and in favor of Bobbitt against Shaw for a pro rata share of that judgment. Maryland Rules 315 and 560. Inasmuch as Bobbitt was substantially without assets, Ballantine applied for payment of the judgment from the Fund. To his continuing dismay, the Fund has thus far resisted making any payment. On April 1, 1970, Judge Raine dismissed Ballantine's application for payment, and Ballantine then brought this appeal.

The Maryland Code (1967 Repl. Vol.), Art. 66½, § 160 provides for payment of claims by the Fund, but requires as a condition precedent to payment that the court be satisfied of the following:

> "(c) That the applicant has fully pursued and exhausted all remedies available to him for recovering the amounts referred to in paragraph (3) of subsection (b) of § 162 by commencing action against all such persons against whom the applicant might reasonably be considered as having a cause of action in respect of such damages and prosecuting every such action in good faith to judgment and taking all reasonable steps available to him to collect on every judgment so

---

1. Bobbitt's counterclaim was essentially a third party complaint, but was not styled as such inasmuch as there was no reason to implead Shaw, who was already a party by virtue of the original complaint against Bobbitt. Maryland Rules 314 a 1 and 315 a.

obtained." Code (1967 Repl. Vol.), Art. 66½, § 160 (c).

Art. 66½, § 162 (b) (3) reads in pertinent part as follows:

> "(b) *Deductions.* — There shall be deducted from the applicable maximum amount set forth in subsection (a) of this section or from the amount of the judgment, whichever is smaller, the total of the following:
>
> \* \* \*
>
> "(3) All amounts that the applicant has received or, in the opinion of the court, is likely to receive, in or toward payment of a judgment or claim against any person against whom the applicant has or had a cause of action for damages for bodily injury or death or damage to property, arising out of the same accident."

It must be borne in mind that Ballantine failed to sue Shaw in the first instance, and either failed or refused to amend his complaint to include Shaw after Bobbitt made Shaw a counter-defendant.[2] Ballantine's inaction leaves him in the somewhat regrettable position of having a judgment only against Bobbitt, who is apparently "judgment proof."

Ballantine contends, however, that he should be allowed to recover from the Fund, and that the Fund is "fully protected" by virtue of Bobbitt's having made Shaw a counter-defendant. He further urges that, inasmuch as the Fund is protected, his failure to sue Shaw and thereby satisfy the requirements of § 160 should not preclude his recovery for serious injuries. However, under analysis of the alternatives presented, appellant's argument fails, and so must his claim.

Had Ballantine sued both Bobbitt and Shaw, either of them would have been liable for the entire amount because the jury found that they were both negligent. Code

---

2. Maryland Rules 320 b 1 and 320 c 2.

(1968 Repl. Vol.), Art. 50, § 16. Shaw was insured, and must have been insured for at least $15,000 according to State law.[3] Ballantine could have recovered completely from Shaw's insurance company. In that case, the Fund would not have had to pay anything, as the Code prohibits the payment of contribution to an insurance company. Code (1967 Repl. Vol.), Art. 66½, § 159 (1). Similarly, had Shaw been included as a defendant in Ballantine's suit, he (Ballantine) could not have looked to the Fund for payment of his judgment because of the alternative source of relief available, namely Shaw and his insurance policy. Code (1967 Repl. Vol.), Art. 66½, § 162 (b) (3). It is manifest therefore, that had Ballantine included Shaw as a defendant at any point in the proceedings, the Fund would have been protected from making any payment (which is exactly what is contemplated by the statute).

Be that as it may, Ballantine maintains that even without Shaw as a party defendant, the Fund is still "fully protected" if it pays his claim. Let us suppose for a moment that the Fund has paid Ballantine's $7500 judgment. As a condition precedent to having made the payment, the Fund would have required that Ballantine assign his judgment to it. Code (1967 Repl. Vol.), Art. 66½, § 166. However, Ballantine's judgment is against Bobbitt, and is worthless. The Fund would then be left holding a worthless judgment in return for their $7500 payment. Anything of value which the Fund might realize would come *only* if Bobbitt assigned whatever rights he has to the Fund, and there is nothing in the law which would require him to do that. Assuming however, that Bobbitt, in a rare showing of largesse, gratuitously assigns whatever rights he has to the Fund, Bobbitt would receive a judgment against Shaw for a pro rata share of the $7500 judgment awarded to Ballantine. What then has the Fund received in return for their $7500 payment? At the very most, they might receive a right to contribu-

---

3. Maryland Code (1967 Repl. Vol.), Art. 66½, § 122 (c).

tion for one-half of the amount paid. Under such circumstances, it is difficult to see how the Fund would be "fully protected." [4]

It is meaningful to note that the very few Maryland cases dealing with an interpretation of Article 66½, § 160 are concerned with questions of whether or not a claimant has gone far enough in pressing available remedies. See *Honeywell v. Roberson*, 239 Md. 430, 212 A. 2d 245 (1965); *Austin v. Unsatisfied Claim and Judgment Fund Board*, 234 Md. 89, 198 A. 2d 82 (1964). For that reason, they are not apposite to the case at bar. In the instant case, the appellant does not contend that he did not have to press a claim against Shaw or that he went far enough in pressing a claim. Here, the appellant postulates that under his theory of the case his failure to pursue an admittedly available claim against the insured Shaw is immaterial because the Fund was protected by the judgment on Bobbitt's counterclaim. He is, of course, incorrect in that assumption.

> *Judgment affirmed, appellant*
> *to pay costs.*

---

4. The judgments entered by the court below requiring contribution between the defendants were in accordance with Maryland Rule 315 and 560 and the Uniform Contribution Among Tort-Feasors Act, Maryland Code (1968 Repl. Vol.), Art. 50, §§ 16-24. Pursuant to § 17(b) of the Act, Bobbitt would not have any right to a money judgment against Shaw until Bobbitt had paid the appellant more than half of the $7500 judgment. Another way of stating it is, that if the Fund, as assignee of Bobbitt, were to pay only $3,750 of the judgment against Bobbitt, it could not collect anything from Shaw. Thus no matter how you look at it, if the Fund were to follow the appellant's proposal it would be out $3,750.