ROSENBERG *v*. MANAGER OF THE UNSATISFIED
CLAIM AND JUDGMENT FUND BOARD

[No. 146, September Term, 1970.]

*Decided December 15, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Gerald N. Klauber* for appellant.

*H. George Meredith, Jr.,* with whom were *Hymes, Keyer & Simmons* and *Francis B. Burch, Attorney Gen-*

*eral,* and *William E. Brannan, Assistant Attorney General,* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This appeal follows from the refusal of the Circuit Court for Baltimore County to grant the appellant, Jay Rosenberg, permission to bring an action against the Unsatisfied Claim and Judgment Fund Board.

This dispute began on February 17, 1965 with an automobile collision on the Baltimore Beltway between a vehicle driven by Rosenberg and another driven by Grace Powell Capley, the original defendant in the suit. In the ensuing law action brought by Rosenberg for personal injuries and property damage, Mrs. Capley defended the suit by contending, initially in her answer to an interrogatory and again two years later at the jury trial of the case, that the collision occurred when an unidentified vehicle suddenly moved into her lane of travel, forcing her to swerve left into appellant's lane. Although placed on notice of a "phantom vehicle," Rosenberg never availed himself of Art. 66½, Sec. 169, Code (1957, 1967 Repl. Vol.) which would have permitted him to implead the Unsatisfied Claim and Judgment Fund Board. At the trial of the original case, Judge Proctor, in addition to giving standard instructions defining negligence, proximate cause and burden of proof, told the jury that Rosenberg was as a matter of law free of any contributory negligence. He further explained the "sudden emergency doctrine" by stating in part:

> "If the Defendant satisfies or persuades your minds by a fair preponderance of the evidence that there was an emergency situation created . . . then the burden remains as it was originally upon the Plaintiff to prove negligence on her part. If she fails to prove an emergency situation existed, that is, if she fails to persuade your minds that an emergency situation existed, then that would be out so far as a defense on

her part is concerned; but you would still have the Plaintiff being faced with the responsibility of proving negligence on the Defendant's part, and that her negligence was a proximate cause of the accident."

The docket entries record the jury's verdict and what followed:

"November 27, 1968. Verdict of the jury, in favor of the Defendant for costs.

"November 27, 1968, Judgment on Verdict Nisi Causa.

December 4, 1968, Judgment on Verdict made absolute in favor of the Defendant for costs."

Rosenberg did not appeal from the final judgment but instead on December 26, 1968 made an application to the court under Art. 66½, Sec. 168 for authority to bring an action against the Unsatisfied Claim and Judgment Fund Board. Sec. 168 provides:

"(a) When in an action . . . judgment is rendered for the defendant on the sole ground that . . . death or personal injury was occasioned by a motor vehicle —

(b) The identity of which, and of the owner and operator of which, has not been established, or

(c) Which was in the possession of some person other than the owner or his agent without the consent of the owner, and the identity of the operator has not been established, — *such cause shall be stated in the judgment* and the plaintiff in such action may, within three months from the date of the entry of such judgment, make application for authority to bring an action upon said cause of action against the Board in the manner provided in §§ 167, and 169 of this article." (Emphasis added.)

Even though the judgment does not state that the accident was caused by an unidentified motor vehicle, Rosenberg brushes aside the specific wording of Sec. 168 (c), claiming that substantial compliance with that section is all that is necessary. He tells us that when the existence of an unidentified motor vehicle as the proximate cause of the accident was

> ". . . the sole defense raised by the defendant [and] therefore the sole issue to be decided by the jury, then it does not have to be so stated in the judgment, because a judgment by the jury in favor of the defendant could only have been decided on the issue submitted to them of an unidentified motor vehicle."

Despite this argument Judge Proctor refused to authorize the suit against the Board. He concluded, correctly we think, that under Sec. 168 it would be impermissible to judicially convert the clear statutory language—"shall be stated in the judgment"— to "shall be reasonably deducible from the judgment." The purpose of Sec. 168 was to outline the procedure by which the victim of a hit and run accident may recover from the Board when the original defendant has been exonerated from blame and the trier of fact has found that a "phantom vehicle" was responsible for the plaintiff's injuries. We hold that since the plain intent of the statute was to provide such a decisive finding of liability so as to enable the Board to carry out its functions more efficiently, compliance with these provisions is a condition precedent to the allowance of a suit against the Board.

Although we have on a number of occasions recognized that the Unsatisfied Claim and Judgment Fund law is remedial legislation which should be construed liberally in order to effectuate its beneficial purpose, we have also made it abundantly clear that this constitutes no basis for failure to comply with the express terms and conditions of the act designed by the legislature for the protection of the fund against fraud and abuse. *Hawks v.*

*Gottschall,* 241 Md. 147, 215 A. 2d 745 (1966) ; *Grady v. Unsatisfied Claim and Judgment Fund Board,* 259 Md. 501, 270 A. 2d 482 (1970) ; *Maddy v. Jones,* 230 Md. 172, 186 A. 2d 482 (1962). One of the protective safeguards dictated by Sec. 168 is the requirement that the cause of the accident *"shall* be stated in the judgment" in order to obtain the authority of the court to sue the Board (emphasis added). As Judge Henderson said for the Court in *Mundey v. Unsatisfied Fund,* 233 Md. 169, 174, 195 A. 2d 720 (1963) : "We see no basis for our attributing to the General Assembly an intention to be more generous than the ordinary meaning of the words it employed would import. If it desires to go further, it can, of course, readily amend the statute." In that case we construed Sec. 154. Also see *Ballantine v. Unsatisfied Claim and Judgment Fund,* 259 Md. 509, 270 A. 2d 469 (1970) (construing Sec. 160) and *Grady v. Unsatisfied Claim and Judgment Fund Board, supra* (construing Sec. 167). *Accord, Hickman v. Unsatisfied C. & J. Fund,* 255 Md. 267, 257 A. 2d 426 (1969). The words of Chief Judge Hammond in *Hunt v. Montgomery County,* 248 Md. 403, 237 A. 2d 35 (1968) are particularly appropriate here. He stated for the Court at page 414 :

> "A statute is not made unclear or ambiguous because one side in a controversy, in order to obtain a desired result, gives its words a meaning they do not on their face appear to have. If the words of a statute, given their normal meaning, are plain and sensible the legislature will be presumed to have meant the meaning the words import. The court will not substitute for literal intent a real intent unless the literal words of a statute say something the legislature could not possibly have meant. *Amalgamated Ins. v. Helms,* 239 Md. 529, 535. Rules and methods of construction and interpretation, including legislative history and administrative practice, are resorted to for the purpose of resolving an ambiguity, not for the purpose of creating it."

Having concluded that the terms "deducible" and "stated" are not equivalent, we shall affirm the order of the trial court.

When, under Sec. 168, it becomes necessary for the trier of fact to consider whether the accident was caused by the operator of an unidentified vehicle rather than the named defendant, we think the following procedure may be appropriate in order to permit such a finding to be "stated in the judgment." In either a jury or nonjury trial the court may utilize a special verdict as permitted by Maryland Rule 560. In his discretion the judge may submit special issues to the trier of fact in any of the following ways: 1) as one of several issues of fact for determination in the original case, 2) as a single issue to be specifically answered at the time the verdict in the original case is announced, or 3) as a separate issue for determination after the verdict in the original case, but before the jury is discharged—if the case is being considered by a jury. (Compare Rule 713 d dealing with "subsequent offenders" in criminal cases.)

*Order affirmed. Costs to be paid by the appellant.*