## JOHNSON ET AL. *v.* UNSATISFIED CLAIM AND JUDGMENT FUND BOARD

[No. 420, September Term, 1970.]

*Decided May 11, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*James R. White,* with whom were *Joseph L. Cymek* and *Harvey S. Levin* on the brief, for appellants.

*David J. McDonnell,* with whom were *Allen, Thieblot & Alexander, Francis B. Burch, Attorney General,* and *William E. Brannan, Assistant Attorney General,* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

As is the case in most instances where remedial legislation has been enacted, Maryland's Unsatisfied Claim and Judgment Fund Law, Code (1957, 1970 Repl. Vol.) Art. 66½, subtitle 7, part VI (the Act) has given rise to a spate of litigation dealing with the question whether the requirements of § 7-620 of the Act, " 'Hit-and-run' cases generally" have been met, *Weber v. Unsatisfied Claim & Judgment Fund Board,* 261 Md. 457, 276 A. 2d 86 (1971) ; *Jones v. Unsatisfied Claim & Judgment Fund Board,* 261 Md. 62, 273 A. 2d 418 (1971) ; *Grady v. Unsatisfied Claim & Judgment Fund Board,* 259 Md. 501, 270 A. 2d 482 (1970) ; *Hickman v. Unsatisfied Claim & Judgment Fund Board,* 255 Md. 267, 257 A. 2d 426 (1969). While these controversies have been disposed of on a case-by-case basis, the semblance of a rule has commenced to emerge.

Among the conditions which must be met in order for a person injured by an unidentified motor vehicle and operator to obtain an order of a court of competent jurisdiction permitting him to bring an action against the Unsatisfied Claim and Judgment Fund Board is that imposed by § 7-620 (5) which requires that the court be satisfied that

"All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be estab-

lished, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established."

We recognized the reason for the conditions imposed by the Act in *Rosenberg v. Manager of Unsatisfied Claim & Judgment Fund Board*, 260 Md. 164, 271 A. 2d 692 (1970):

> "Although we have on a number of occasions recognized that the Unsatisfied Claim and Judgment Fund law is remedial legislation which should be construed liberally in order to effectuate its beneficial purpose, we have also made it abundantly clear that this constitutes no basis for failure to comply with the express terms and conditions of the act designed by the legislature for the protection of the fund against fraud and abuse." 260 Md. at 168.

In the case before us, the appellants, Johnson and Cain, were passengers in a bus owned by B and A Charter Bus Service, which was northbound on Maryland Route 3, a divided highway, in the early morning of 18 May 1969. The bus was struck by a car which was headed south in the northbound lane of Route 3. The bus had swerved to the left onto the grass median strip, but despite this evasive action, was struck on the right side by the southbound car, which left the scene before anyone could obtain the license number, although there was a suggestion that it was pursued by an unidentified motorist.

Within nine minutes, Officer Dodge, of the Anne Arundel County Police Department, arrived at the scene; interviewed the bus driver and some of the passengers; obtained a description of the car which had collided with the bus, and had broadcast an "all points" alert on the police radio.

The appellants Johnson and Cain, both passengers on the bus, who had sustained injuries in the collision, pe-

titioned the Circuit Court for Anne Arundel County for leave to sue the Fund. From an order denying their petition on the ground that they failed to make the reasonable efforts required by the Act, they have appealed. We propose to reverse the order.

This case is clearly distinguishable from *Grady* and *Hickman,* both *supra,* in which injured claimants were denied permission to sue the Board. In *Grady,* the claimant relied on what we characterized as a "pro forma negative police report" which he had never seen, and neglected to inquire whether the police had conducted an investigation. In *Hickman,* the claimant contended that he had been forced off the road by an unidentified vehicle, but failed to communicate this circumstance to the police. In both cases we declined to equate a total absence of action with the Act's requirement that all reasonable efforts be expended.

On the other hand, in *Jones, supra,* we decided that the claimant should have been permitted to sue the Board. The driver of the car which had injured Jones took him to the hospital emergency room, but disappeared without giving a statement to the hospital authorities, or identifying himself to Jones. Jones reported the incident to the police sometime between one and three days after the accident. His attorney interviewed the personnel and checked the files of the hospital, and when this proved unproductive, inserted two advertisements in a local newspaper. In holding that this met the statutory test of all reasonable efforts, Judge Digges, speaking for the Court, said:

> "We think it fair to say that, at a minimum, vigorous good faith efforts are required to identify the tortfeasor, the same efforts one would expect an injured party to exert if he knew there would be no recovery unless he actually located the driver. In ruling on investigative efforts the trial judge must exercise discriminating judgment, giving due regard to such vari-

able and interrelated factors as credibility, practicality, the law of diminishing returns, a sensible balancing of the anticipated amount of recovery against the cost of particular modes of inquiry, access to investigative resources, the fresh pursuit of promising clues, and, in the long run, the claimant's application of good common horse sense." 261 Md. at 76-77.

The case before us is wholly unlike *Grady* and *Hickman,* where inactivity was the order of the day, and more comparable to *Jones,* where efforts were made, but without success. Here, there was an abundance of witnesses who saw the collision. The police were at the scene within minutes of the accident. The alert which was broadcast was an effort far beyond the claimants' capabilities. There was nothing further that they could do, and no subsequent follow-up would have helped. In the context of the Act, there were no other "reasonable efforts" which they could have undertaken to establish "the identity of the motor vehicle and the owner and operator thereof."

*Order reversed; costs to be paid by appellee.*